CAROLINE AMANDA McCREADY, Respondent, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Trustee and Guardian of the Estate of FRANCIS MARION WHALEY, and FRANCIS MARION WHALEY, Defendants.

WILLIAM WHALEY, as Administrator, etc., Appellant.

*Parties — to an action brought by a trustee for an accounting.*

The representative of a deceased co-trustee is a proper party to an action, brought by a trustee who survives for an accounting by himself.

APPEAL by William Whaley, as administrator with the will annexed, etc., of Louisine W. Whaley, deceased, from an order of the Supreme Court made at the New York Special Term, and entered in the office of the clerk of the city and county of New

York on the 10th day of March, 1893, denying the appellant's motion to be made a party defendant to this action.

*Charles A. Jackson,* for the appellant.

*Charles Steele,* for the respondent.

Per Curiam:

October 3, 1887, Nathaniel L. McCready died, leaving a widow, the plaintiff in this action, and three children, one of whom was Louisine W. Whaley, the wife of William Whaley. McCready devised and bequeathed a certain portion of his property to trustees for the benefit of his daughter Louisine, the income arising from the use of which was to be paid to her during life, and the principal upon her death was to be paid to such of her lineal descendants as she might by her last will appoint, or in case of failure to appoint,. to her issue. On the 21st of June, 1888, all of the trustees, except the plaintiff in this action and Louisine W. Whaley, resigned and were discharged by an order of the court from the trusteeship, and thereafter the trust estate was held by the plaintiff and said Louisine for the benefit of the latter. They continued to act in this capacity until September 27, 1889, when the plaintiff resigned, and on the same day an order was entered discharging her from her position as such trustee, and thereupon the Farmers' Loan and Trust Company was substituted as a trustee in the place and stead of this plaintiff. October 10, 1889, Louisine W. Whaley died, leaving an infant son, Francis Marion Whaley, who is a defendant in this action, and William Whaley, her husband. She left a last will and testament, by which she appointed her said son to receive the principal of the trust estate devised and bequeathed pursuant to the provisions of her father's will. By her will she nominated her husband as the sole executor thereof. January 7, 1890, her will was probated, but letters testamentary were refused to Whaley, and thereafter such letters were issued to the Farmers' Loan and Trust Company, which was also appointed the guardian of the estate of the infant.

April 18, 1891, this action was begun for an accounting by the plaintiff of her actions as trustee of the trust estate. In November, 1892, the Farmers' Loan and Trust Company resigned its position

as administrator of Mrs. Whaley's estate, and William Whaley was appointed administrator with the will annexed of the estate. In February, 1893, he moved for an order making him a party to this action for an accounting, which motion was denied.

We think that the representative of a deceased, co-trustee is a proper party to an action brought by a trustee for an accounting. Should any question arise whether there had been an improper administration of the estate by the trustees, it might be quite necessary to determine which of the trustees as between themselves was liable for the waste. In no other way could the representative of the co-trustee raise the question whether the trustee seeking for an accounting had misapplied any of the trust estate, or whether the devastavit, if any was committed, was the joint act of both trustees or the act of one. In such an action the liability of all the trustees should be determined. It oftentimes happens that a devastavit has been committed under circumstances which render but one of them liable, and should it appear in this action that the deceased co-trustee, Louisine Whaley, was liable for devastavit, a judgment should be rendered in accordance with the fact and the amount of her liability charged against any sum which her representative is entitled to receive from the time of the last payment of income to her until her death. In no other way can a full and complete determination of the rights and liabilities of all the parties be had.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order reversed, with ten dollars costs and printing disbursements, and the motion granted, with ten dollars costs